UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-455-NT |
| | ) | |
| CONAGRA GROCERY PRODUCTS COMPANY, LLC, | ) | |
| | ) | |
| Defendant | ) | |

*MEMORANDUM DECISION ON MOTION TO STRIKE AFFIRMATIVE DEFENSES*

The United States moves to strike the following affirmative defenses from the defendant's answer in this action brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"): paragraphs Six, Seven, Nine, Twelve, Thirteen, Fourteen, Fifteen, Seventeen, Nineteen, Twenty, Twenty-Five, Twenty-Six, and Twenty-Eight. United States' Motion . . . to Strike Thirteen of Defendant's Affirmative Defenses ("Motion") (ECF No. 13). I grant the motion.

**I. Applicable Legal Standard**

A motion to strike a defense should be granted only if the insufficiency of that defense is clearly apparent. 5C C. Wright & A. Miller, *Federal Practice & Procedure* § 1381 at 428 (3d ed. 2004). A defense is "legally insufficient" if it appears that the movant "would succeed despite any state of facts which could be proved in support of the defense." *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (citation and internal quotation marks omitted).

## II. Discussion

### A. Affirmative Defenses Nine and Twelve

The defendant's ninth affirmative defense asserts that the "Plaintiff's claims are barred in whole or in part because [the defendant] did not arrange for disposal or treatment of [a] hazardous substance, within the meaning of CERCLA at the Site." Defendant's Answer and Affirmative Defenses ("Answer") (ECF No. 8) at 16. Its twelfth affirmative defense asserts that the "Plaintiff's claims are barred in whole or in part because [the defendant] never accepted any hazardous substance for transport to the Site." *Id*.

The defendant consents to the striking of these defenses, "[b]ased on the representation by the Plaintiff that it is making no allegations or claims that [the defendant] has any liability at the site as a generator, arranger, or transporter[.]" Defendant's Response to the United States' Motion to Strike Thirteen Affirmative Defenses ("Opposition") (ECF No. 21) at 9. I, therefore, grant the motion to strike as to these two affirmative defenses.

### B. Affirmative Defense Fifteen

The fifteenth affirmative defense asserts that the "Plaintiff has failed to join indispensable parties, including but not limited to Paris Utility District, A.C Lawrence Leather Co., Inc., Ashland Leather Company, Inc., L. Farber Company, Inc., RVC, Lord Tanning, Milo Tanning and Ward Brothers Tanning." Answer at 17. The plaintiff maintains that there is no requirement that it sue all potentially responsible parties in a single action. Motion at 8-9.

The defendant responds that other entities are actual or likely successors in interest to A.C. Lawrence Co., Inc., and the affirmative defense therefore "involves corporate liability, not CERCLA." Opposition at 5. It is difficult to understand this argument, as CERCLA is the only basis for liability alleged in the complaint. The defendant's contention that the court cannot

2

determine which entity or entities are "the real successors" to A.C. Lawrence without putting those entities on notice by including them as parties in this lawsuit, in support of which it cites no authority, *id*., is incorrect and inapposite. All that the court is asked to determine in this lawsuit is whether the defendant is liable as a successor in interest to A.C. Lawrence, as CERCLA uses that term. The fact that there may be other entities from which either the plaintiff or the defendant could seek to recover for the damages alleged in this action is not an affirmative defense.

  The motion to strike the fifteenth affirmative defense is granted.

### C. Affirmative Defense Twenty

  The twentieth affirmative defense alleges that the plaintiff's claims are barred because it reviewed and approved a 1976 agreement that allowed for sludge disposal at the site in question, thus "arranging" for the disposal or treatment of hazardous substances at the site. Answer at 17. The plaintiff contends that an allegation that the United States itself is liable under CERCLA as an arranger is not a proper affirmative defense. Motion at 9-10. The appropriate format for such an allegation, it asserts, is a counterclaim. *Id*. at 10.

  The defendant responds that this affirmative defense "simply puts Plaintiff on notice that it may well be liable for all or part of the clean-up costs" and that "[t]he First Circuit has recognized divisibility of the harm as a defense to joint and several liability under CERCLA." Opposition at 5-6. However, neither response addresses the plaintiff's point.

  An affirmative defense is an assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all of the allegations in the complaint are true. *Black's Law Dictionary* (8th ed. 2004) at 451. An assertion that the plaintiff is partially liable for the damage alleged in the complaint does not meet this definition. The government may maintain an action under

CERCLA even when it faces potential liability for contribution at the site in question. *United States v. Kramer*, 757 F. Supp. 397, 414 (D.N.J. 1991); *United States v. Western Processing Co.*, 734 F. Supp. 930, 939-40 (W.D.Wash. 1990).

The motion to strike the twentieth affirmative defense is granted.

### D. Affirmative Defenses Thirteen and Nineteen

The thirteenth affirmative defense asserts that "[r]eleases of hazardous substances alleged to have occurred at the Site, and the alleged resulting harms, were caused by the acts or omissions of unrelated third parties, and thus [the defendant] has no liability for such damages under CERCLA." Answer at 17. The nineteenth affirmative defense asserts that the "Plaintiff's claims are barred in whole or in part due to act(s) or omission(s) of third party(s) other than an employee or agent of the [defendant], or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the [defendant]." *Id*.

The plaintiff contends that these similar affirmative defenses should be stricken because a party has a "third-party defense" under 42 U.S.C. § 9607(b)(3) only if the applicable release or threat of release and the resulting damages were caused solely by the act or omission of a third party under certain specified conditions, and these asserted defenses do not allege that the third parties were solely responsible for the alleged damages. Motion at 11-12. The defendant dismisses this argument as "semantics," Opposition at 6, but offers nothing substantive in response to the plaintiff's argument.

The case law cited by the government supports its position. *United States v. Rohm & Haas Co.*, 939 F. Supp. 1142, 1152 (D.N.J. 1996); *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1446 (W.D.Mich. 1989). The motion to strike affirmative defenses thirteen and nineteen is granted.

4

### E. Affirmative Defense Six

The sixth affirmative defense alleges that the "Plaintiff's claims are barred in whole or in part in so far as Plaintiff has failed to meet all conditions precedent to recovery." Answer at 16. The plaintiff contends that this affirmative defense is pleaded with insufficient particularity and that there are no statutory or procedural prerequisites to the filing of a CERCLA cost recovery action. Motion at 13-14. The defendant responds that it cannot plead the defense more specifically because the plaintiff "has refused to provide [the defendant] with basic information regarding its compliance or failure to comply with the National Contingency Plan[,]" compliance that is required in order to recover certain costs. Opposition at 6-7.

The plaintiff responds that the claim that it is seeking costs that are inconsistent with the National Contingency Plan "is preserved in [the defendant's] Fifth Affirmative Defense, which the United States did not move to strike," making the sixth affirmative defense as explained by the defendant redundant. United States' Reply in Support of Its Motion to Strike Thirteen of Defendant's Affirmative Defenses ("Reply") (ECF No. 29) at 5. That is an accurate characterization of the fifth affirmative defense asserted by the defendant. Answer at 16.

The motion to strike the sixth affirmative defense is granted.

### F. Affirmative Defenses Seventeen, Twenty-Five, and Twenty-Six

The parties agree that the seventeenth, twenty-fifth, and twenty-sixth affirmative defenses assert equitable defenses. Motion at 14; Opposition at 7-8. The plaintiff contends that equitable defenses are not available in a CERCLA action. Motion at 14-18. The defendant responds, briefly, that, "as a threshold matter," the plaintiff must prove that the defendant is the successor to A.C. Lawrence and that determination "is not a uniquely federal or even a CERCLA-based determination." Opposition at 7-8. This determination, the defendant reasons, is "an equitable

claim independent of CERCLA and [the defendant] should be entitled to assert equitable defenses." *Id*.

The defendant's conclusions do not follow from its premises. Proof that the defendant is a successor to A. C. Lawrence, as that term is defined by CERCLA, may well be an element of the plaintiff's case in a CERCLA claim. That element, however, does not take on an existence separate from the CERCLA claim, equitable or otherwise. In addition, I do not see how proof of successor status necessarily requires resort to equitable principles, particularly when the status is a creation of law.

In any event, equitable defenses are generally unavailable when a claim is asserted under CERCLA. *E.g., California ex rel. California Dep't of Toxic Substances Control v. Neville Chemical Co.,* 358 F.3d 661, 672-73 (9th Cir. 2004); *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1303-05 (11th Cir. 2002). Case law also holds that each of the specific equitable defenses asserted in these paragraphs by the defendant is not available in CERCLA cases. *Rohm & Haas*, 939 F. Supp. at 1151-52 (laches; Affirmative Defense 17); *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86, 90 (3d Cir. 1988) (unclean hands; Affirmative Defense 25); *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1502 (S.D.Ohio 1991) (failure to mitigate damages; Affirmative Defense 26).

The motion to strike the seventeenth, twenty-fifth, and twenty-sixth affirmative defenses is granted.

### G. Affirmative Defense Fourteen

The fourteenth affirmative defense asserts that the "Plaintiff's claims are barred in whole or in part to the extent that Plaintiff seeks to recover costs and expenses other than response costs, as that term is defined in CERCLA." Answer at 17. The plaintiff points out that the

complaint seeks to recover only response costs and argues that this renders the fourteenth affirmative defense "immaterial and irrelevant." Motion at 18. The defendant replies that the motion to strike this affirmative defense is premature because the plaintiff may not correctly characterize as response costs the costs that it seeks to recover, and this issue will not be addressed in any event until "phase II of the bifurcated proceeding." Opposition at 8.

If the plaintiff incorrectly characterizes as response costs some costs that do not in fact fit the CERCLA definition of that term, the plaintiff will not be able to recover those costs from the defendant, as a matter of law, regardless of whether the defendant has so stated in a formal affirmative defense. Similarly, when the issue may be reached in the course of resolving this action has no bearing on whether the issue can be asserted as an affirmative defense.

The motion to strike the fourteenth affirmative defense is granted. *See United States v. Sensient Colors, Inc.*, 580 F. Supp.2d 369, 378 (D.N.J. 2008).

### H. Affirmative Defense Seven

The seventh affirmative defense asserts that "[t]he conditions at the Site did not and do not present an imminent and substantial endangerment to the public health or welfare or the environment." Answer at 16. The plaintiff contends that no such proof is required in this action, which is brought by the government under section 107(a) of CERCLA. Motion at 18-19. The defendant responds, without any citation to authority,[1] that it "is putting Plaintiff on notice that this is a potential defense" and that it needs discovery in order to know whether the "Plaintiff's remedy at the site was based on any finding of endangerment." Opposition at 8-9.

---

[1] The defendant does quote 42 U.S.C. § 9604(a)(1)(B), Opposition at 9, but that is not the section of CERCLA under which this action is brought. Complaint (ECF No. 1) ¶ 1.

Case law supports the plaintiff's position. *E.g., Kramer*, 757 F. Supp. at 418; *United States v. Marisol, Inc.*, 725 F. Supp. 833, 837 (M.D.Pa. 1989). The motion to strike the seventh affirmative defense is granted.

### I. Reservation of Defenses

The final numbered paragraph, paragraph 28, under the heading "Separate and Affirmative Defenses" in the defendant's answer, asserts that it "reserves its right to assert any and all additional defenses that become known or available during the course of discovery and litigation." Answer at 19. The plaintiff contends that such a general reservation "contravenes the Federal Rules of Civil Procedure" and that "[c]onsequently, courts routinely strike general reservations of defenses." Motion at 20. The defendant responds that "[b]ased on the amount of information [the] Plaintiff has withheld from [the defendant] at this point [the defendant] is simply reserving its rights to, as [the] Plaintiff notes, amend to add additional defenses as discovery progresses." Opposition at 9.

Amendment of pleadings is governed by the Federal Rules of Civil Procedure and by the case-specific scheduling order, as amended, that has been issued in this case. ECF Nos. 9, 26. The defendant cannot reserve any "right" to add in the future defenses, affirmative or otherwise, without regard to the conditions established by the Rules and the scheduling order. In addition, the fact that the plaintiff may have "withheld" information from the defendant before this action was filed does not and cannot govern procedures established by the court for this action now that it has been filed. Nor does the defendant need to plead its "right" to add defenses in the future in accordance with the terms of the scheduling order and the Rules.

The motion to strike the general reservation of right to add defenses is granted. *See, e.g., Gregory v. Metropolitan Life Ins. Co.*, 648 F. Supp.2d 591, 602 (D. Vt. 2009) (reservation of

8

right to raise other defenses fails to comply with Fed. R. Civ. P. 15 and is legal nullity); *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 157-58 ((S.D.N.Y. 2002) (striking defense asserting right to assert additional affirmative defenses).

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to strike paragraphs Six, Seven, Nine, Twelve, Thirteen, Fourteen, Fifteen, Seventeen, Nineteen, Twenty, Twenty-Five, Twenty-Six, and Twenty-Eight under the heading "Separate and Affirmative Defenses" at pages 16-19 of the defendant's answer is **GRANTED**.

Dated this 31st day of July, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge