UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
| )                                                                        | |
| Plaintiff              ) | |
| ) | |
| v.                                                                 )  | No. 2:11-cv-455-NT |
| ) | |
| CONAGRA GROCERY PRODUCTS  ) | |
| COMPANY, LLC,                                    ) | |
| ) | |
| Defendant              ) | |

MEMORANDUM DECISION ON MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

The defendant, ConAgra Grocery Products Company, LLC, moves for the entry of a confidentiality order that it has drafted, departing from the language of the court's form confidentiality order.[1] Motion for Entry of Confidentiality Order ("Motion") (ECF No. 30). The plaintiff government responds with a motion and draft of its own. Response to Defendant's Motion for Entry of Confidentiality Order and Motion for a Protective Order Regarding Confidential Business Information ("Response") (ECF No. 31). After several rounds of proposed modifications, which could have better been accomplished before either party filed a motion, only a few disputes remain. Using the government's most recent draft (ECF No. 34-2), I address each dispute in turn.

### I. Introductory Paragraph

The defendant asserts that the language proposed by the government "would only give confidential treatment to EPA's documents, not [the defendant's] (or any other third party that

---

[1] *See* Appendix II to this court's Local Rules.

may produce documents)." Reply in Support of Motion for Entry of Confidentiality Order and Response to Plaintiff's Motion for Confidentiality Order ("Defendant's Reply") (ECF No. 33) at 2. The introductory paragraph submitted by the government clearly allows confidential treatment of any documents produced by the defendant. Beyond this, it would be inappropriate to create a confidentiality order covering documents that might be produced in the future by a currently unidentified third party. This is a lawsuit to which there are only two parties at present, and there is thus no entity other than the plaintiff to whom or which the defendant could produce documents.

The language proposed by the government is adopted.

## II. Paragraph 2

The government has agreed to delete its proposed paragraph 2. Reply in Support of United States' Motion for a Protective Order Regarding Confidential Business Information ("Plaintiff's Reply") (ECF No. 34) at 3. However, it asks for modification of the second sentence in the third paragraph of this court's form confidentiality order to require that any confidentiality designation made by the plaintiff must be consistent with 40 C.F.R. Part 2, Subpart B. *Id.*[2] That request is reasonable under the circumstances of this case, and that modification will be adopted.

## III. Paragraph 6(b)(1) and 6(b)(2)

The defendant objects to that plaintiff's addition of a requirement that employees of the law firms representing both parties execute an Acknowledgement of Understanding and Agreement to be Bound by the confidentiality order because the plaintiff "does not offer a compelling reason [] why the employees of a law firm should be required to sign a document to

---

[2] Subpart B of 40 C.F.R. Part 2 deals with the circumstances under which the government may reveal confidential business information and requires that any confidentiality agreement to which the EPA is a party contain certain specific information.

2

add a potential violation of the Court's Order." Defendant's Reply at 3. It cites no authority that would require a party seeking such a term to produce a "compelling" reason for its request.

The plaintiff responds that "the information contained in the documents of United States' contractors includes sensitive business information that the United States[] is obligated to protect" and "[o]ne indiscretion by an employee, whether intentional or inadvertent, could result in serious consequences[.]" Plaintiff's Reply at 3. However, that is true of any information subject to a confidentiality order, and signing an explicit agreement would do little to prevent "inadvertent" disclosure of confidential information. This may be a "small administrative step," as the plaintiff contends, but it has not demonstrated a need for it. The law firms continue to be responsible for the actions and omissions of their employees in this regard.

### IV. Paragraph 10(a)

The government has agreed to delete this paragraph. Plaintiff's Reply at 4.

### V. Paragraph 10(b)

The defendant contends that, since the plaintiff "will no doubt abide by" the regulations to which the proposed language refers, adding the language to the order is "unnecessary and problematic." Defendant's Reply at 4. It again asserts that the plaintiff must demonstrate a "compelling reason" to add the proposed language, and asks whether the parties will be held in contempt by this court if they "enter into an agreement that is not consistent with EPA's FOIA regulations." *Id*.

As the plaintiff points out, the regulations at issue are not general "FOIA regulations," but rather regulations governing the EPA's handling of confidential business information in all forums, including litigation. Plaintiff's Reply at 4-5. The plaintiff's request to include a reference to these regulations in the protective order is a reasonable one. Contrary to the

defendant's implication, Defendant's Reply at 4, the proposed additional language does not limit this court's inherent powers in any significant way.

The proposed language for paragraph 10(b) is adopted.

### VI.  Conclusion

The plaintiff shall file with the court, within the 10 business days following the entry of this order, a final confidentiality order consistent with the terms of this decision to be executed and adopted by the court.

Dated this 31st day of July, 2012.

/s/  John H. Rich III
John H Rich III
United States Magistrate Judge