UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                            )<br>              Plaintiff                            )<br>                                                            )<br>v.                                                         )<br>                                                            )<br>CONAGRA GROCERY PRODUCTS      )<br>COMPANY, LLC,                                )<br>                                                            )<br>              Defendant                         ) | No. 2:11-cv-455-NT |

MEMORANDUM DECISION ON DEFENDANT'S MOTIONS TO AMEND ITS ANSWER
AND TO STRIKE THE DECLARATION OF AMYJEAN McKEOWN

On the final day for doing so allowed at the time by the scheduling order in this CERCLA[1] case, the defendant moved for leave to amend its answer to add a four-count counterclaim: one for cost recovery under 42 U.S.C. § 9607(a)(1) & (2); one for contribution under 42 U.S.C. § 9613(f)(1); a declaratory judgment concerning future response costs under 42 U.S.C. § 9613(g)(2); and one for estoppel. After the plaintiff United States filed its opposition to this motion, the defendant filed a motion to strike the declaration submitted in support of that opposition.[2] I deny both motions.

### I. Motion to Strike

Because it affects the information available to the court in connection with the motion for leave to amend, I will address the motion to strike first. The defendant asserts that the plaintiff seeks to introduce, through the McKeown declaration, "information withheld from [the

---

[1] The Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.*
[2] The United States moved for oral argument on the motions. ECF No. 45. The defendant opposed this request, ECF No. 50, and the United States filed a reply. ECF No. 52. The parties' written submissions were sufficient to allow me to decide the pending motions in favor of the United States without oral argument.

1

defendant] in discovery." Defendant's Motion to Strike the Declaration of AmyJean McKeown ("McKeown Motion") (ECF No. 46) at 1. Specifically, it complains that the plaintiff objected to its request for documents reviewed by McKeown because the word "review" was ambiguous. *Id*. It asserts that the plaintiff "suggested that it was withholding documents it considered beyond Rule 26's scope, including documents 'merely skimmed' by Ms. McKeown during the course of her employment[,]" but did not describe these documents. *Id*. at 2.

Because McKeown states in her declaration that it is based in part on her review of documents, Declaration of AmyJean McKeown ("McKeown Dec.") (ECF No. 44-1) ¶ 2, the defendant asserts, "it appears that the documents Ms. McKeown relied upon to form the basis of her declaration are the same documents the [plaintiff] withheld," and, therefore, her declaration must be stricken. McKeown Motion at 3-6. The defendant's conclusion does not necessarily follow from its premise.

The plaintiff responds that the defendant has misrepresented its responses to the defendant's document requests, and that it has produced all responsive non-privileged documents. Opposition to Defendant's Motion to Strike the Declaration of AmyJean McKeown ("McKeown Opposition") (ECF No. 51) at 4-6. I agree that the plaintiff, despite its quibble over the use of the word "review," told the defendant that it had produced all such documents and did not represent that it was withholding any documents that McKeown had reviewed in connection with this case. *Id*. at 5; United States' Objections and Responses to Defendant ConAgra Grocery Products Company, LLC's First Request for Production of Documents (ECF No. 46-2) at 21-22; Letter dated August 10, 2012, from Claire H. Woods to Thomas C. McGowan (ECF No. 46-4) at 2-3. The plaintiff also states that "[e]ach document upon which Ms. McKeown relied in forming the Declaration has been timely produced." McKeown Opposition at 6. Given these statements

by counsel, as officers of the court, and the defendant's noteworthy failure to identify any information in McKeown's declaration of which it was previously unaware, the defendant's interpretation of events cannot stand.

The defendant contends that it is entitled to "assess[] the veracity of" the statement of counsel for the plaintiff that all documents upon which McKeown relied have been produced, and that it can only do so if it is provided with a privilege log "or other description of the documents withheld[.]" Defendant's Reply to Plaintiff's Opposition to Motion to Strike the Declaration of AmyJean McKeown (ECF No. 55) at 4. It cites no authority for the proposition that a party must produce, merely upon an opponent's demand, a "log" of documents that it has reviewed and deemed nonresponsive to a request for production of documents. The additional burden on litigants of such a requirement would be a significant new imposition on civil litigation. Nor is there any authority to support the defendant's demand, *id*. at 5, for a log of the documents upon which McKeown relied in creating her declaration.

The defendant's speculation that McKeown "[c]onceivably . . . relied upon privileged information which the Plaintiff seeks to introduce into evidence by way of the Declaration"; that McKeown may have relied upon one or more documents "deemed non-responsive by Plaintiff's counsel"; and that McKeown may have relied upon documents not in her possession, custody, and control as opposed to her possession, custody, *or* control, *id*. at 5-6, is nothing more than speculation. Documents "merely skimmed" by McKeown "during the course of her employment," *id*. at 6, are very unlikely to be documents upon which she relied in creating her sworn declaration for submission to this court. Absent any evidence from the defendant to support its suggestion that this court should not accept the representation of the plaintiff's attorneys, this court will not assume that those representations are false.

3

Remedies will be available to the defendant if, at some later point in this litigation, any of its speculations about the plaintiff's production of documents is borne out by facts or events. That is the appropriate time for consideration of actual transgressions by counsel or a party; striking the McKeown declaration at this point in the litigation, as an anticipatory sanction, is not appropriate on the showing made.

The motion to strike is denied.

## II. Motion to Amend Answer

The defendant seeks to add a four-count counterclaim to its answer. Defendant's Motion to Amend Pleading ("Amendment Motion") (ECF No. 37). The plaintiff contends that the proposed amendments would be futile, and that the motion must therefore be denied. United States' Opposition to Defendant's Motion to Amend Pleading ("Amendment Opposition") (ECF No. 44) at 1. "A proposed amendment is futile if it lacks legal merit to such a degree that it would not stand up to a [Fed.R.Civ.P.] 12(b)(6) motion to dismiss." *El-Hajj v. Fortis Benefits Inc. Co.*, 156 F.Supp.2d 27, 34-35 (D. Me. 2001).

> The First Circuit has explained that there is no practical difference between denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim. In ruling on a motion to dismiss, a court is required to accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.

*Benson v. University of Maine Sys.,* 857 F.Supp.2d 171, 175 (D. Me. 2012) (citations and internal punctuation omitted). The same is true of a proposed amendment of an answer by the addition of a counterclaim. *States Resources Corp. v. The Architectural Team, Inc.*, 433 F.3d 73, 83 (1st Cir. 2005).

I will address each count of the proposed counterclaim in turn, combining the first two counts.

### A.  CERCLA Cost Recovery and Contribution

As noted, this action deals with claims brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*.  In its first and second proposed counts to its counterclaim, the defendant alleges that, if it is found liable, it may recover all or part of the costs of cleaning up the site at issue from the plaintiff, the United States government, under 42 U.S.C. § 9607(a)(1) & (2) as an "operator" or "arranger."  Amendment Motion at 1.  The plaintiff contends that all of the proposed counts to the counterclaim deal with a site that is separate from the site that is the subject of the complaint in this action.  Amendment Opposition at 4, 6-10.

The complaint describes the site at issue as "an area of former settling lagoons used to collect tannery waste" located in South Paris, Maine, "bounded to the east by Oxford Street, to the north by the Little Androscoggin River, to the west by a railroad right of way, and to the south by a residential development."  Complaint (ECF No. 1) ¶¶ 8-9.  The settling lagoon area that "currently comprises the Site" is across the Little Androscoggin River from the land on which the tannery was built and operated.  *Id.* ¶ 10.  The Site is identified on Property Map R 2 for Paris, Maine, as Lot 7.  McKeown Dec. ¶ 5.

The Environmental Protection Agency ("EPA") investigated and removed contaminated soil and sludge from the site.  *Id.* ¶ 7.  Its activities were limited to Lot 7.  *Id.* ¶ 9.  It did no work on, nor did it incur costs related to, Lot 24 on Property Map R 2, which is approximately half a mile from Lot 7.  *Id.* ¶¶ 10-11.  It is not possible for any contamination at Lot 24 to have migrated to Lot 7.  *Id.* ¶ 11.

The first two proposed counts to the counterclaim appear to adopt the complaint's definition of the Site, but also assert that "[s]uch areas include multiple sources and may include

5

the area between sources, which exactly defines New Lawrence's property, hereinafter the 'Site' or 'Property.'"  Defendant's Counterclaims Against Plaintiff (included in Defendant's [Proposed] Amended Answer, Affirmative Defenses and Counterclaims ("Proposed Counterclaim") (ECF No. 37-1), beginning at 18) ¶¶ 10, 37, 39-40.

In its reply, the defendant asserts that "Lots 7, 24, 11 and 14 were all parcels of land upon which the USA 'arranged' for the disposal of chromium sludge."  Reply Brief to Plaintiff United States of America's Opposition to Defendant's Motion to Amend Pleading ("Amendment Reply") (ECF No. 48) at 8.  It cites none of the documents supplied with its reply in support of this assertion, and it has provided no affidavit or other form of sworn testimony.  In any event, the alleged facts that the United States may have arranged for disposal of a pollutant on land other than that defined in the complaint, and that it may have "justifie[d]" its "Request for Removal Action," in part, by citing threats to the Little Androscoggin River, *id* at 8-11, establish no basis for a counterclaim when the plaintiff has not based any claim against the defendant on any land other than Lot 7 or on any separate clean-up of the river.  Similarly, the fact that there may be chromium in the landfill (Lot 24) and in the related aquifer, *id.* at 11, has no bearing on the fact that the plaintiff has stated, under oath, that it seeks no recovery against the defendant for any costs associated with the landfill, and, indeed, that it has incurred no costs for remediation of that area.  If the government has incurred no costs with respect to these areas, it cannot seek to recover them from the defendant.

On the showing made, the first two proposed counts of the counterclaim do not state claims upon which relief may be granted, and the motion for leave to add them to the defendant's answer is denied.

### B.  Declaratory Judgment

The defendant's third proposed count to its counterclaim seeks a declaratory judgment "as to USA's liability for future response costs that may be incurred."  Proposed Counterclaim ¶ 45.  The plaintiff responds that a declaratory judgment establishing its liability "for … future costs at a site for which no party to the instant litigation incurred recoverable costs is not a claim for which relief can be granted in the instant litigation[.]"  Amendment Opposition at 11.  On the showing made, the defendant cannot be entitled to a declaratory judgment, because a declaratory judgment is only available in a "case of actual controversy," 28 U.S.C. § 2201, and no such controversy concerning anything beyond Lot 7 has been shown by the defendant to exist at this time.

### C.  Collateral Estoppel

The final proposed count to the defendant's counterclaim asserts that the government is collaterally estopped to litigate the claims set out in the complaint.  Proposed Counterclaim ¶ 47.  The plaintiff government points out that the defendant has already pleaded collateral estoppel as an affirmative defense, Separate and Affirmative Defenses (included in Defendant's Answer and Affirmative Defenses (ECF No. 8) beginning at 15) ¶ 14, and argues that the only appropriate way to raise such a claim is as an affirmative defense, rather than as an additional and separate counterclaim.  Amendment Opposition at 11-13.  The defendant responds with a lengthy discussion of the doctrine of collateral estoppel, and its view of the reasons why the doctrine applies to the plaintiff's claims, Amendment Reply at 2-8, but addresses the government's procedural argument only in the "conclusion" section of its reply memorandum.  *Id*. at 13.  It asserts merely that "[m]isdesignated counterclaims will be deemed affirmative defenses."  *Id.*

7

There is no need to "deem" the defendant's proposed fourth count to its counterclaim an affirmative defense when the claim the defendant seeks to raise in that counterclaim has already been raised in its answer as an affirmative defense. This is in fact the proper procedural means by which to raise such a claim. Fed. R. Civ. P. 8(c); *In re Las Colinas, Inc.*, 426 F.2d 1005, 1015 n. 18 (1st Cir. 1970).

Accordingly, the proposed fourth count to the counterclaim is also futile.

### III. Conclusion

For the foregoing reasons, the defendant's motions to strike the declaration of AmyJean McKeown (ECF No. 46) and for leave to file an amended answer (ECF No. 37) are **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of November, 2012.

>					/s/ John H. Rich III
>					John H. Rich III
>					United States Magistrate Judge