*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:11-cv-455-NT* |
| | ) | |
| *CONAGRA GROCERY PRODUCTS* | ) | |
| *COMPANY, LLC,* | ) | |
| | ) | |
| *Defendant* | ) | |

**MEMORANDUM DECISION ON DISCOVERY DISPUTE**

The defendant in this CERCLA[1] action, ConAgra Grocery Products Company, LLC, seeks an order directing the plaintiff government to produce certain documents for which it has claimed privilege or protection under the work product doctrine and directing the plaintiff's expert witness, Dr. Joan Meyer, to answer additional deposition questions. The parties have now submitted letter briefs and supporting materials in accordance with my Report and Order dated January 2, 2013 (ECF No. 97). Treating the defendant's submissions as a motion to compel, I grant the motion, but only to the extent of ordering the plaintiff to produce a limited number of documents for *in camera* review and possible production.

### I. Background

The relevant factual background is recounted in my Report of Hearing and Order Re: Discovery Dispute and Scheduling (ECF No. 97) dated January 2, 2013. In sum, the defendant served a subpoena *duces tecum* upon Dr. Meyer in advance of her December 10, 2012,

---

[1] The Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*

1

deposition and now complains that Dr. Meyer was improperly instructed not to answer certain questions and failed to produce relevant non-privileged documents sought via the subpoena.

## II. Discussion

### A. Deposition

Counsel for the defendant asserts that Dr. Meyer was instructed at her deposition by counsel for the plaintiff "not to answer questions related to the substance of the work she performed from the time she was first engaged until March 2012[,]" citing page 66 of the transcript of that deposition. Letter dated January 4, 2013, from Kristopher J. Covi to Magistrate Judge John H. Rich III ("Covi Letter") at 3. At that point in the deposition, Attorney Covi asked Attorney Rowley, who was representing the plaintiff at the deposition, the following question, and Attorney Rowley gave the following answer:

> **Mr. Covi:** So I'm asking are you instructing her not to answer any questions about any substance of the work she did from early 2011 through the date she became a testifying expert?
> **Ms. Rowley**: Yes. The substance of the discussion, correspondence and scope of work and things like that, they are logged on the privilege log.

In the Matter Of: United States of America v. Con[A]gra Grocery Products Company, LLC, [Deposition of] Joan Meyer, Ph.D., December 10, 2012 ("Dep.") at 66:2-66:8.

Attorney Rowley shortly thereafter instructed Dr. Meyer not to answer another question, as follows:

> Q. Now, did you do any work prior to March of 2012 that supports any of the opinions that you have in your expert report Exhibit 5?
> **Ms. Rowley**: Objection and instruct you not to answer.

*Id*. at 67:12-67:16. Dr. Meyer had provided consulting expertise to the plaintiff with respect to the site at issue in this litigation before she was retained as a testifying expert in March 2012. *Id*.

at 17-19.  *See also id*. at 70:8-70:11 ("Q.  You had already done all of that work prior to [March 2012]?  **Ms. Rowley**: Objection.  I instruct you not to answer.").

Those exchanges do not provide a full picture, however.  At the very beginning of the deposition, the following exchange between counsel was recorded:

> **Mr. Covi:**    Well, then we have a problem because the consulting/testifying distinction is – well, it's untenable. . . .  I'm going to ask my questions and if you want to instruct her based on whatever privilege you think applies to that time frame, we will do that and take it up with Magistrate Ri[ch] afterwards.
> **Ms. Rowley**; I am fine with that, but in terms of the distinction, what difference does it make because if she was a testifying expert the whole time, the production would be the same.
> We've actually identified more documents by making a distinction because there are now documents logged on the privilege log from the time of her consulting period.  If she was a testifying expert the entire time, we wouldn't even have done that.

*Id*. at 13:19-14:12.

Attorney Rowley also describes an off-the-record discussion between counsel that took place at page 70 of the deposition transcript, during which she

> stated that ConAgra was free to ask all of its questions about the substance of [Dr. Meyer's] opinion and how it was formed, and that the US objections were limited to the type of material it considered privileged, which included written and oral communications between an expert and the case attorneys.  The Government explained that its objections and limiting instructions had been based on the understanding that Mr. Covi was trying to uncover these communications.  It was during this discussion that the Government offered to stipulate that Dr. Meyer be considered a testifying expert for the entire time period, but that offer was rejected.  The Government then urged ConAgra to ask all the questions of Dr. Meyer that it had with respect to her opinions, how they were formed, and the documents underlying them, and that it never intended to prevent such questions based on the distinction of her status as a consulting expert versus a testifying expert.

Letter dated January 4, 2013, from Laura J. Rowley to Magistrate Judge Rich ("Rowley Letter"), at 2.

During the January 2, 2013, telephone conference with the court, Attorney Covi did not challenge Attorney Rowley's similar description of this conversation.  The remaining 45 pages of the deposition transcript following page 70 record no further instructions to Dr. Meyer not to answer any question.

The remaining pages of the transcript do include questions about the documents that Dr. Meyer reviewed in the course of reaching her opinion and the steps she took to do so, without any limitation as to time.  Dep. at 70:21-76:2.  Contrary to the position taken by counsel for the defendant during the January 2 teleconference, he was not prevented from asking Dr. Meyer whether she considered the possibility that there might have been corporate successors to A.C. Lawrence Leather Company other than ConAgra with respect to the site at issue.  *Id*. at 72:3-73:2, 76:3-76:12, 91:10-92:23 (asking whether Dr. Meyer was asked to do any research about tanneries operating at the site before A.C. Lawrence), 95:19-95:21, 105:6-105:17, 106:4-106:24, 114:23-115:19 (questions by Attorney Rowley).

Attorney Rowley's instruction to Dr. Meyer not to answer at page 67 of the deposition transcript and her affirmative response to Attorney Covi's question at page 66 about preventing examination for the period prior to Dr. Meyer's engagement as a testifying expert do appear to be inconsistent with her earlier statement at page 13 of the transcript that Dr. Meyer could be considered a testifying expert at all relevant times.  The instructions not to answer may also have been overly limiting.  Nonetheless, her subsequent clarifying statement to Attorney Covi during the off-the-record discussion, reported to the court without challenge, remedied any earlier error. Nothing in the defendant's letter brief leads me to conclude that any actions taken by Ms. Rowley during Dr. Meyer's deposition, considered as a whole, provide cause to order Dr. Meyer to submit to additional questioning by the defendant.

4

## B.  Document Production

As an initial matter, the defendant seeks "production of non-privileged documents in the file of Dr. Meyer regarding her engagement as an expert for the United States."  Covi Letter at 1. The only question posed to Dr. Meyer about her "file" in the deposition transcript is "Were you asked to look in your files in response to this subpoena to prepare for the deposition today?" Dep. at 5.  The letter asserts that "it is likely that Dr. Meyer maintains documents in her file that are not contained in the Government's files[]" that "would never have been recorded on the privilege log." *Id*. at 2.  This assertion remains mere speculation in the absence of any confirmation from Dr. Meyer or Attorney Rowley during the deposition.  On the showing made, I will not order the production of any document from Dr. Meyer's "file."  It is apparent from the defendant's presentation, however, that it in fact seeks documents responsive to its deposition subpoena, regardless of where they might be located.

It would have been better practice for the plaintiff to have served its objections to that subpoena before the deposition rather than waiting until the start of the deposition to inform opposing counsel that the plaintiff had brought only those documents responsive to the subpoena that it deemed not to be privileged or protected, Dep. at 10:2, but Attorney Rowley made clear at the deposition that any documents that were not produced at the deposition were either drafts of Dr. Meyer's expert report or already listed on the privilege log that the defendant had received earlier.  *Id*. at 10:5-10:6, 12:21-12:23, 14:4-14:12.

The plaintiff takes the position that "there are many categories of documents requested in ConAgra's subpoena for which no responsive documents exist[,]" Rowley Letter at 3, although it does not identify, and has not identified, from all that appears, those categories.  The plaintiff should do so, and, if it has not, I order it to provide such a list to the defendant and to the court

within five business days from the date of this order.  If it has already provided that information to the defendant, a copy should be provided to the court immediately.

I agree, so far as it goes, with the plaintiff's contention that "correspondence between EPA or DOJ attorneys and Dr. Meyer, and drafts of her expert report, are not required to be produced under the current Fed. R. Civ. P. 26(b)(4)."  *Id*.  Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure provides that drafts of any report or disclosure required under Rule 26(a)(2) are protected from discovery by an adverse party.  In addition, Rule 26(b)(4)(C) provides that communications between a party's attorney and any witness required to provide an expert report are protected; however, there are three important exceptions to this protection: to the extent that the communications relate to compensation for the expert, identify facts or data provided to the expert by the party's attorney and considered by the expert in forming his or her opinions, or identify assumptions that the party's attorney provided and that the expert relied upon in forming the opinions.  *See, e.g., Fialkowski v. Perry*, Civil Action No. 11-5139, 2012 WL 2527020, at *3-*4 (E.D. Pa. June 29, 2012).

Here, not all of the entries on the privilege log that are related to Dr. Meyer or to the company with which she is associated, Industrial Economics Incorporated, Dep. at 15, make clear that the communication between Dr. Meyer and an attorney for the government is one that is in fact privileged.  For example, references to "the contract" may be references to a contract between Dr. Meyer and the plaintiff dealing with Dr. Meyer's compensation.  In addition, while Attorney Rowley has represented that all of the documents upon which Dr. Meyer relied in reaching her opinion are listed in Appendix B to her report, it is possible that emails were not considered "documents" for that purpose.  The following entries in the privilege log suffer from

such lack of clarity: 18, 83-88, 90-95, 99-104, 109, 111-12, 143, 154, 199, 256, 277, 396, 522, 821-22, 1200, 1850, 1861, 1863, 2199, 2203-04, and 2519.

Only these documents, based upon my review, could possibly be ones to which the defendant may be entitled.  The plaintiff will provide copies of these documents to the court within the next five business days for *in camera* review.  In all other respects, the defendant's motion is denied.

### III.  Conclusion

For the foregoing reasons, the defendant's motion to compel is granted, but only as follows:  the plaintiff shall provide the court, no later than five business days from the date of this order, with a copy of the deposition subpoena served on Dr. Meyer by the defendant, indicating each category of requested documents for which no responsive document exists, and the plaintiff shall provide the court within that time period with copies of the documents listed on the privilege log that have been itemized above.  If the defendant has not yet been provided with the information concerning the categories of documents for which no responsive document exists, the plaintiff shall provide it with a copy of that information as it is presented to the court. I will review the specific documents that I have requested *in camera* and report to counsel as soon as possible on the results of that review.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this decision within fourteen (14) days after being served with a copy thereof.*

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated this 15th day of January, 2013.

                                        /s/  John H. Rich III
                                        John H. Rich III
                                        United States Magistrate Judge