UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>CONAGRA GROCERY PRODUCTS )<br>COMPANY, LLC, )<br>)<br>    *Defendant* ) | No. *2:11-cv-455-NT* |

### *MEMORANDUM DECISION ON MOTION TO STRIKE EXPERT DISCLOSURES*

The government plaintiff moves to strike the defendant's expert disclosures of Douglas Simmons and Craig MacPhee, contending that their opinions are relevant only to the second phase of this bifurcated action. Motion to Strike Expert Disclosures without Prejudice ("Motion") (ECF No. 64), at 1. I grant the motion in part.

### I. Discussion

This action, brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 4601 *et seq.*, has been bifurcated previously into a liability phase and a cost recovery phase. The initial liability phase "will encompass all the issues that the government has acknowledged it must prove in order to establish the defendant's liability under section 107(a) of CERCLA, including all of the issue listed in the defendant's Response (Docket No. 17) at pages 2-3 and the 'remaining' liability issues identified by the government at pages 2-3 in its reply (Docket No. 19)." Report of Hearing and Order re: Scheduling Order (ECF No. 22) at 2.

1

The cited portion of the government's reply incorporated by reference provides as follows:

> Therefore, to establish ConAgra's liability, the United States must . . . show that the South Paris tannery sludge lagoons were a facility; that a release or threatened release of hazardous substances at or from that facility occurred; and that the United States incurred response costs. In addition, because this case involves a former owner or operator of a facility, the United States must also show that there was a disposal of a hazardous substance during the period of ownership or operatorship.

Plaintiff's Reply to Defendant's Response to the United States' Motion to Bifurcate (ECF No. 19) at 3.

The cited portion of the defendant's response, also incorporated by reference, is the following:

> [T]he "Limited Liability Phase" would include:
>   1. Is [the defendant] the successor to . . . Estech, Inc.?
>   2. If there were/are environmental liabilities relating to the Site, were those transferred to, or assumed by, another individual(s) or entity(s)?
>   3. Is A.C. Lawrence Leather Co., Inc., or others, solely responsible for the disposal of the hazardous materials[] that were in turn released from the Site?
>   4. Does issue preclusion, *res judicata*, law of the case or similar defense(s) preclude Plaintiff's recovery from [the defendant]?

Defendant's Response to the United States' Motion to Bifurcate (ECF No. 17) at 2-3.

### A.  The MacPhee and Simmons Report

In the instant motion, the government contends that the report of MacPhee and Simmons is not relevant to this phase of the litigation and, therefore, should be stricken without prejudice to the designation of these individuals as expert witnesses in connection with the second phase of the litigation. Motion at 1. Specifically, it asserts that the joint report of Simmons and MacPhee "does not address any issue within the scope" of the first phase of this litigation. *Id*. at 5. It points to the report's statements that "some" of the excavated soils at issue "appear to be related

to" operations at the site in question when the defendant's alleged predecessor controlled the site and "some" of those soils "appear to be related to" a different controller of the site. Expert Report, Douglas Simmons and Craig MacPhee ("Report") (ECF No. 64-1) at [3]. This conclusion, the plaintiff assets, does not contradict the first element that it must prove: that there was a release or disposal of a hazardous substance at the site at a time for which the defendant might be liable. Motion at 6.

The plaintiff's interpretation of the Report, the substance of which is only three pages long, is not reasonable. The Report's first stated opinion appears to be directly relevant to the first phase of this litigation.

> All the soils excavated by US EPA in the 2006-2007 removal action in the area of the former sludge disposal trenches (also referred to as "lagoons") appear not to be related to the Old A.C. Lawrence Tannery operations. Some of these soils appear to be related to the New A.C. Lawrence Tannery and/or tannery operations that occurred prior to 1955 when the Old A[.]C[.] Lawrence assumed control of the tannery.

Report at [3]. The plaintiff faults the Report for not stating explicitly that none of the soils appear to be related to the operations of the Old A.C. Lawrence Tannery, Motion at 5, but this conclusion does clearly state that "[a]ll" of the excavated soils "appear *not* to be related to the Old A.C. Lawrence Tannery operations." (Emphasis added). That is a sufficient statement of what is essentially the same proposition.

The plaintiff does not dispute that it seeks to hold the defendant liable only for excavated soils "related to the Old A.C. Lawrence Tannery operations," Motion at 5, nor that the soils to which the Report refers are the subject of this action. The objections that the plaintiff raises, *id*. at 5-9; Plaintiff United States' Reply in Support of Motion to Strike Expert Disclosures Without Prejudice (ECF No. 74) at 1-4, go to the weight to be given to the Report with respect to this opinion, not to the admissibility of the opinion itself.

3

This conclusion makes it unnecessary to consider the other specific objections to the Report raised by the plaintiff.

### B. The Report's Second Opinion

The Report's second stated opinion is the following: "The need for the removal action, other than along the river[,] is not supported by US EPA default Regional Screening Levels (RSLs)." Report at [3]. The plaintiff asserts that this opinion "is irrelevant to the issues specified for the Liability Phase of this litigation." Motion at 9. I agree that this opinion "could not affect the *prima facie* elements of CERCLA liability," *id*., and the other issues included in the first phase of this litigation.

The defendant contends that this opinion is "directly relevant" to the question of whether the removal undertaken by the plaintiff was either unnecessary or "unrelated to the disposal of hazardous substances during [the defendant's] operation or ownership of the site." Defendant's Opposition to Motion to Strike Expert Disclosure (ECF No. 67) at 7. However, the opinion says nothing about whether the removal was "unrelated to the disposal of hazardous substances during [the defendant's] operation or ownership of the site." Moreover, the defendant's use of the word "unnecessary" is misleading with respect to the statutory claim at issue. The "necessity" of the removal has no bearing on the elements of the first phase of this litigation, as set forth above.

In addition, the sole case cited by the defendant in support of its position regarding "necessity," *Acushnet Co. v. Mohasco Corp*., 191 F.3d 69 (1st Cir. 1999), is distinguishable. In that case, the issue was whether proof of a specific amount of hazardous waste deposited by a defendant was an element of causation in a private party's contribution action under CERCLA. *Id*. at 76-78. The First Circuit affirmed the lower court's grant of summary judgment to certain

defendants from whom the plaintiffs sought contribution, but disavowed reliance on the district court's reading into CERCLA's contribution statute a quantitative element of proof.  *Id*. at 72.

In this case, a different statutory standard is involved.  Neither of the statutes speaks of "causation" or "necessity," but, in a private party contribution action under 42 U.S.C. § 9613(f), it makes sense that a requirement to prove that "reasonable costs were expended during the [clean-up efforts]," *id.* at 77, would be read into that statute by the First Circuit, to avoid collusion in seeking a higher contribution than might otherwise face a party that had no role in the remediation.  There is no such possibility in an action under 42 U.S.C. § 9607, which is the applicable statute in this case, nor has the defendant cited any case in which a court imported such a requirement into a section 9607 case.  *See generally United States v. Davis*, 261 F.3d 1, 44-45 (1st Cir. 2001) (discussing *Acushnet*).

## II.  Conclusion

For the foregoing reasons, the plaintiff's motion to strike is **GRANTED,** but only as to the use of the second opinion stated in the Expert Report of Douglas Simmons and Craig MacPhee and only as to the first phase of this litigation, and otherwise **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this decision within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of January, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

5