**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:11-cv-455-NT |
| v. | ) | |
| | ) | |
| CONAGRA GROCERY PRODUCTS | ) | |
| COMPANY, LLC, | ) | |
| Defendant. | ) | |

**CONSENT DECREE**

TABLE OF CONTENTS

I.      BACKGROUND ................................................................................. 1
II.     JURISDICTION ................................................................................. 1
III.    PARTIES BOUND ............................................................................. 1
IV.     DEFINITIONS.................................................................................... 1
V.      PAYMENT OF RESPONSE COSTS ............................................... 3
VI.     FAILURE TO COMPLY WITH CONSENT DECREE ................... 4
VII.    COVENANTS BY PLAINTIFF......................................................... 5
VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES .................. 5
IX.     COVENANTS BY SETTLING DEFENDANT................................. 6
X.      EFFECT OF SETTLEMENT/CONTRIBUTION ............................ 6
XI.     RETENTION OF RECORDS ........................................................... 7
XII.    NOTICES AND SUBMISSIONS ..................................................... 8
XIII.   RETENTION OF JURISDICTION ................................................. 9
XIV.    INTEGRATION/APPENDIX............................................................ 9
XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ...... 9
XVI.    SIGNATORIES/SERVICE................................................................ 9
XVII.   FINAL JUDGMENT ......................................................................... 10

## I.   BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the A.C. Lawrence Leather Company Sludge Lagoons Superfund Site in South Paris, Oxford County, Maine ("the Site").

B.      ConAgra Grocery Products Company, LLC ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.      The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without any further admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and consistent with the goals of CERCLA.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.   JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.   PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.   DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of a conflict between the Consent Decree and the appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and Settling Defendant.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 12, 2014, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean ConAgra Grocery Products Company, LLC.

"Site" shall mean the A.C. Lawrence Leather Company Sludge Lagoons Superfund Site, encompassing approximately seven acres, located in South Paris, Oxford County, Maine. The real property encompassed by the Site is known as Lot 7. Lot 7 is generally depicted on the map attached hereto as Appendix A.   The Site is bounded to the east by Oxford Street, to the north by

the Little Androscoggin River, to the west by a railroad right of way, and to the south by a lot that has been cleared for residential development.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.   PAYMENT OF RESPONSE COSTS

4.   <u>Payment by Setting Defendant for Past Response Costs</u>.  Within 30 days after the Effective Date, Settling Defendant shall pay to EPA $5,700,000, plus an additional sum for Interest on that amount calculated from August 1, 2014, through the date of payment.

5.   Payment by Settling Defendant shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Maine after the Effective Date. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU shall provide the payment instructions to:

> Chris Aupperle
> One ConAgra Drive, I-190
> Omaha, NE 68102
> (402) 240-7068
> chris.aupperle@conagrafoods.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and EPA in accordance with Section XII (Notices and Submissions).

6.   Notice of Payment.  At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site ID Number 01BG, and DOJ case number 90-11-3-10097.

7.   The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

## VI.   FAILURE TO COMPLY WITH CONSENT DECREE

8.   <u>Interest on Late Payments</u>.  If Settling Defendant fails to make any payment under Paragraph 4 (Payment by Setting Defendant for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.   <u>Stipulated Penalty.</u>

a.   If any amounts due to EPA under Paragraph 4 (Payment by Setting Defendant for Past Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $1,250.00 per violation per day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045

Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency"

c.   At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference Site ID Number 01BG, the CDCS Number, and DOJ Case Number 90-11-3-10097.

d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10.     If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.     COVENANTS BY PLAINTIFF

13.     Covenants for Settling Defendant by United States.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon receipt by EPA of the payments required by Paragraph 4 (Payment by Settling Defendant for Past Response Costs) and any Interest or stipulated penalties due thereon under Paragraph 8 (Interest on Late Payments) or 9 (Stipulated Penalty). These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

14.     The United States reserves and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 13 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.     liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.     liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.     liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.     criminal liability; and

e.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

5

IX.   COVENANTS BY SETTLING DEFENDANT

15.   Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

    a.   any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b.   any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Maine, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

    c.   any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

16.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

X.   EFFECT OF SETTLEMENT/CONTRIBUTION

17.   Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

18.   The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

19.   Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior

to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI.     RETENTION OF RECORDS

21.     Until 10 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, and other information (hereinafter referred to as "Records") (including records in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to the Site or to the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

22.     After the conclusion of the 10-year document retention period in the preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such Records to EPA. Settling Defendant may assert that all or part of a Record is privileged or protected under the attorney-client privilege or any other privilege or protection provided under federal law, provided they comply with this Paragraph below. If Settling Defendant asserts such a privilege or protection, it shall provide Plaintiff with the following: (1) the title of the Record; (2) the date of the Record; (3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the Record; (4) the name, title, affiliation (*e.g.*, company or firm), and address of each addressee and recipient of the Record; (5) a description of the Record's contents; and (6) the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor. However, Settling Defendant may make no claim of privilege or protection regarding any Record, or portion thereof, that Settling Defendant is required to create or generate pursuant to this Consent Decree. Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim. Records submitted to EPA determined to be confidential

by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

23.    Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States and that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

24.    Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XII.    NOTICES AND SUBMISSIONS

25.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendant, respectively.

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-10097

<u>As to EPA</u>:

Office of Regional Counsel
U.S. Environmental Protection Agency, Region I
5 Post Office Square, Suite 100
Boston, MA 02109

<u>As to Setting Defendant</u>:

Chris Aupperle
Counsel
One ConAgra Drive, I-190

8

Omaha, NE 68102

## XIII.   RETENTION OF JURISDICTION

26.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.   INTEGRATION/APPENDIX

27.     This Consent Decree and its appendix constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree. "Appendix A" is a map generally depicting the location of the Site.

## XV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

29.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.   SIGNATORIES/SERVICE

30.     Each undersigned representative of Settling Defendant and the Acting Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, or his designee, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII.  FINAL JUDGMENT

33.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 25th DAY OF September, 2014.

_Nancy Torresen_
United States District Judge

10

**FOR THE UNITED STATES OF AMERICA:**

7/25/ 14
Date

SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530


Laura J. Rowley, Trial Attorney
Claire Woods, Trial Attorney
Bradley Levine, Trial Attorney
David L. Weigert, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-8763
Laura.Rowley@usdoj.gov


THOMAS E. DELAHANTY II
United States Attorney
District of Maine


John G. Osborn
Assistant United States Attorney
U.S. Attorney's Office, District of Maine
100 Middle Street Plaza
East Tower, Sixth Floor
Portland, ME 04101
(207) 780-3257
John.Osborn2@usdoj.gov

H. CURTIS SPALDING
Regional Administrator, Region I
U.S. Environmental Protection Agency
5 Post Office Square
Boston, MA 02109

RuthAnn Sherman
Senior Enforcement Counsel
U.S. EPA Region I
5 Post Office Square, Suite 100
Boston, MA 02109
Sherman.Ruthann@epa.gov
(617) 918-1886

**FOR CONAGRA GROCERY PRODUCTS COMPANY, LLC:**

7/5/14
_____
Date

_____
Name: Leo A. Knowles
Title: President
Address: One ConAgra Drive, I-370
Omaha, NE 68102


Agent Authorized to Accept Service on Behalf of Above-signed Party:

_____
Name: Chris Aupperle
Title: Counsel
Address: One ConAgra Drive, I-190
Omaha, NE 68102
Phone: (402) 240-7068
Email: chris.aupperle@conagrafoods.com

# APPENDIX A



APPENDIX B MAP

This map depicts a portion of the Paris, Maine property tax maps, with color and text boxes added by the defendant in *U.S. v. Conagra Grocery Products Co., LLC*, Case No. 2:11-cv-455-NT (D. Me.). It is incorporated into the Court's order on the parties' cross-motions for summary judgment solely to aid the reader in visualizing the approximate locations of the lots and businesses referenced in this case. It does not have any determinative or preclusive effect on matters to be decided in this case.